## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MABROUK CHAARA,

       Plaintiff,

vs.                                         No. CIV 05-278 JB/RLP

INTEL CORPORATION, DAVID
BAGLEE, BRIAN RASHAP, and
TAMMY WASH,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Vacate Trial Setting and Extend Deadlines, filed September 15, 2005 (Doc. 37 ); and (ii) Letter from Barbara G. Stephenson to the Honorable James O. Browning (dated September 15, 2005), (Doc. 38). The primary issue is whether the Court should vacate the trial setting of October 11, 2005 and extend all the remaining deadlines. Because the Defendants have not shown good cause for vacating the trial date, and because Plaintiff Mabrouk Chaara opposes vacating the trial date, the Court will set deadlines for completion of the briefing on the motion for summary judgment, but will deny the motion to vacate the trial without prejudice to the parties approaching the Court for relief from the current deadlines.

### PROCEDURAL BACKGROUND

Under the terms of the Initial Pretrial Report filed in this case on April 29, 2005, see Doc. 9, the Court set the following pretrial deadlines:

Discovery and dispositive motions deadline:                     August 1, 2005

| | |
|---|---|
| Discovery motions: | August 22, 2005 |
| Motions hearing: | September 7, 2005 |
| Deadline to inform Court of additional witnesses: | September 12, 2005 |
| Deadline for Plaintiff to provide pretrial order to Defendants: | September 12, 2005 |
| Deadline for Defendants to file pretrial order: | September 20, 2005 |
| Pretrial conference: | September 21, 2005 |
| Jury trial on trailing calendar: | October 11, 2005 |

On August 15, 2005, Chaara filed a Motion to Reopen Discovery, Extend Deadlines and Allow Plaintiff Additional Time to Respond to Defendants' Motion for Summary Judgment. See Doc. 27. On August 19, 2005, the Court held a telephonic hearing on the Plaintiff's Motion to Reopen Discovery. Chaara represented that he would proceed to the settlement conference if the Court allowed some extension of time.

The Court first found that it must determine if good cause existed to allow extension and opined that, most of the time, oversight did not constitute good cause. It is the rare case that oversight can be shown to be a good cause. The Court would not, however, say that oversight could never constitute good cause.

The Court found that Chaara had made a sufficient showing of good cause so long as he could eliminate the prejudice to the Defendants. The Court stated that, if it allowed any extension of the deadlines, it would be limited to the two depositions sought. Chaara made a sufficient showing that he would have taken this discovery – these two depositions – but for the oversight. Accordingly, the Court granted the motion to the extent that Chaara was willing to pay the costs associated with the Defendants' preparing their motion for summary judgment. The Court stated that, if Chaara agreed

to reimburse the Defendants for preparing their motion, the Court would allow the depositions of

Rashap and Baglee; if Chaara was unwilling to pay those costs, the Court would find that Chaara had

not shown good cause and deny the motion.  The Court stated the prejudice to Chaara of denying the

motion outright was minimal given the discovery that Chaara had obtained in the administrative

proceeding.

The Court stated that it would not vacate the settlement conference and would deny the

motion except to the extent Chaara is willing to pay the costs that the Defendants incurred in

preparing their motion for summary judgment, including the cost of research, fees incurred in

responding to Chaara's motion for an extension of time, and the costs incurred in preparing for the

August 19, 2005 hearing, the Court would allow limited discovery to take the depositions of Rashap

and Baglee.  The Defendants estimated the fees on the motion for summary judgment were around

$7,500.00.

The minutes of this hearing confirm that the court granted Chaara's Motion to Reopen

Discovery and Extend Deadlines provided that Chaara paid the Defendants their costs associated with

preparing the Defendants' Motion for Summary Judgment and supporting Memorandum, fees and

costs associated with responding to Chaara's Motion to Reopen Discovery, and costs incurred in

preparing for the August 19, 2005 hearing.  See Docs. 24; 25; 32.  At the August 19, 2005 telephonic

hearing, the Court suggested that the Defendants withdraw, for subsequent re-filing, their Summary

Judgment Motion and re-file the motion after Chaara had conducted the discovery sought.

Finally, after Chaara's counsel suggested October 1, 2005 as a new discovery deadline, the

Court accepted Chaara's suggestion that discovery end on October 1, 2005, instructed the parties to

discuss remaining deadlines and, if agreement could be reached, to submit a motion and order with

suggested extensions.  Again, the condition under which the Court extended discovery was that Chaara first pay the Defendants the costs and fees associated with the Defendants' Summary Judgment Motion and Memorandum that they had filed on August 1, 2005, as well as the Defendants' costs incurred in responding to the Plaintiff's Motion to Reopen Discovery.

The following week, the parties exchanged letters regarding a court-ordered settlement conference.  On August 30, 2005, the Honorable Richard L. Puglisi, United States Magistrate Judge, held the unsuccessful settlement conference.  That same day, the Defendants' counsel hand-delivered to Chaara's counsel their statement for the costs and fees associated with the Defendants' Summary Judgment Motion, as well as for costs and fees associated with responding to Chaara's Motion to Reopen Discovery.  These totals were $12,281.58 and $1,210.55, respectively.  Thereafter, on September 6, Chaara's counsel objected to the Summary Judgment bill as "excessive" and proposed foregoing additional discovery, but, in lieu of additional discovery, he would pay the costs of preparing the Defendants' Response to Plaintiff's Motion to Reopen Discovery in exchange for Chaara being allowed to supplement his Summary Judgment Response.  See Docs 37 and 38.  Chaara wanted the Defendants to negotiate on the fees awarded by the Court for the Defendants' Response to Plaintiff's Motion to Reopen Discovery whereby Chaara could pay these fees if the Defendants would allow Chaara to supplement his Summary Judgment Response filed on August 18, 2005, (Doc. 30).  The Defendants' counsel rejected this suggestion on several grounds, including that the Court's leave to supplement his Response was based on the assumption that Chaara would first conduct the discovery sought and that Chaara had not withdrawn his initial Summary Judgment Response.  The Defendants withdrew their motion for summary judgment.  See Doc. 33.  Subsequently, on September 13, 2005, Chaara filed a Notice of Withdrawal of Response.  See Doc. 36.

While these discussions were taking place between the Defendants' counsel and Chaara's counsel, the Defendants proposed a Joint Motion to Vacate Trial Setting and Extend Deadlines. Chaara's counsel objected to the contents of the draft Joint Motion and also to the proposed extended deadlines, but offered no alternative dates. The Defendants therefore filed, pursuant to rule 16(b) of the Federal Rules of Civil Procedure and D.N.M.LR-Civ. 16.1, their Motion to Vacate Trial Setting and Extend Deadlines as an opposed motion in an attempt to resolve the present impasse and get this case moving forward. See (Doc 37).

## ANALYSIS

Chaara has decided that he will take no additional discovery. The Defendants wish to retract the withdrawal of their Motion for Summary Judgment so that the Court may consider the Motion for Summary Judgment and Supporting Memorandum in the form first filed on August 1, 2005. That is a reasonable request, and the Court will grant that request. Hence, there is a pending motion for summary judgment.

Chaara hastily put together a response to avoid default. Chaara has withdrawn that response. There is a good basis to allow Chaara to supplement his Summary Judgment Response and re-file. The Court will therefore, recognize as valid, Chaara's Withdrawal of this Response and allow him to file a response within ten calendar days of the date of this order. Additionally, because of the intervening events related to Chaara's Motion to Reopen Discovery, the Defendants were not able to, and did not, file a reply to Chaara's Summary Judgment Response. The Court will therefore give the Defendants fourteen calendar days from the date that Chaara files his reply to file a Reply to Chaara's Summary Judgment Response.

The Defendants further request that, in addition to vacating the trial setting of October 11,

2005, the Court extend the remaining pretrial deadlines.  Consistent with the Court's previous instructions, the Defendants do not propose dates for the motions hearing, pretrial conference, or jury trial.  The Defendants suggest:

| | |
|---|---|
| Deadline for non-dispositive pretrial motions: | November 18, 2005 |
| Deadline to inform Court of additional witnesses: | December 2, 2005 |
| Deadline for Plaintiff to provide pretrial order to Defendants: | December 6, 2005 |
| Deadline for Defendants to file pretrial order: | December 14, 2005 |
| Motions hearing: | _____ |
| Pretrial conference: | _____ |
| Jury trial: | _____ |

The Defendants' counsel provided a draft of this motion to Chaara's counsel in the form of a Joint Motion, but was unable to obtain concurrence from Chaara's counsel.  <u>See</u> (Doc 37).  The Court thus assumes the motion is opposed.  The Defendants have not shown good cause to vacate the trial setting.

The Court will deny the motion without prejudice.  If the parties can now – with the rulings herein -- agree on new deadlines, the Court will most likely agree, too.  If the parties cannot agree, the parties are free to approach the Court, either formally, by letter, or through the Courtroom Deputy Clerk, for the Court to resolve any remaining disputes.

**IT IS ORDERED** that the Defendants' Motion to Vacate Trial Setting and Extend Deadlines is granted in part and denied in part.  The Court will allow the Defendants to withdraw their withdrawal of the motion for summary judgment, so there is a pending motion for summary judgment against the Plaintiff.  The Plaintiff shall have ten calendar days from the date of this order to file a

response.  The Defendants shall have fourteen calendar days from the filing of any response to file

a reply.  The motion to vacate the trial and extend the remaining deadlines is denied without

prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Laura J. Ramos
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Barbara G. Stephenson
Quentin Smith
 Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

     *Attorneys for the Defendants*