IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MABROUK CHAARA,

        Plaintiff,

vs.                                                                    No. CIV 05-278 JB/RLP

INTEL CORPORATION, DAVID
BAGLEE, BRIAN RASHAP, and
TAMMY WASH,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion and Memorandum in Support of Motion to File Amended Complaint and Add Additional Defendants, filed March 13, 2006 (Doc. 51). The Court held a hearing on May 31, 2006. The primary issue is whether the Court should allow the Plaintiff Mabrouk Chaara to file an amended or supplemental complaint after the Court has granted summary judgment on all of his claims against the current Defendants. Because Chaara has not shown good cause to extend the deadlines for filing amendments to the pleadings and for adding parties, and because the case is ripe for dismissal rather than transformation into a new lawsuit with new defendants, the Court will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2001, Chaara filed a charge of discrimination with the Equal Employment Opportunity Commission. See Memorandum Opinion and Order at 2, filed May 31, 2006 (Doc. 57). A week later, Chaara filed another charge, alleging retaliation for filing the earlier charge. See id. Eventually, Chaara decided not to file suit on either of these two charges. See id.

On April 21, 2003, Chaara filed a Charge of Discrimination against the Defendants with the New Mexico Human Rights Division ("NMHRD"), alleging discrimination based on national origin, religion, and gender, and retaliation. See Memorandum Opinion and Order at 4, filed December 31, 2005 (Doc. 48). While finding probable cause on his national origin discrimination and retaliation claims, the NMHRD issued an Order of Non-Determination on Chaara's religion and gender claims. See id. On April 16, 2004, Chaara filed a Complaint in the Thirteenth Judicial District Court for New Mexico in Chaara v. Intel Corporation, No. D-1329-CV-04-00376 (Dist. Ct. N.M.)("Chaara I"). See id. The Chaara I Complaint sought relief on Chaara's gender claim, at the same time as he pursued his national origin discrimination and retaliation claims with the New Mexico Human Rights Commission. See id. at 5. Chaara I also set forth claims for breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation. See id. In response, the Defendants removed Chaara I to the United States District Court for the District of New Mexico on the basis of diversity of citizenship between the parties. See id. The Defendants asserted that Chaara is a citizen of Colorado, Intel is a Delaware corporation with its principal place of business in California, and the other Defendants are citizens of New Mexico. See id.

The Honorable Bruce Black, United States District Judge, who presided over Chaara I during its brief life in federal court, scheduled, sua sponte, an evidentiary hearing to determine the existence of complete diversity. See id. Following the hearing, held on June 23 and July 29, 2004, Judge Black remanded Chaara I back to New Mexico State District Court, based on his finding that Chaara was domiciled in New Mexico when he filed the Chaara I Complaint. See id.

Subsequently, the New Mexico Human Rights Commission determined that Chaara had failed to establish his national origin discrimination and retaliation claims, leading him to file a second

complaint in the Thirteenth Judicial District Court for New Mexico, thereby initiating <u>Chaara v. Intel Corporation</u>, No. D-1329-CV-05-00154 (Dist. Ct. N.M.)("<u>Chaara II</u>"), on February 10, 2005.  <u>See id.</u>  In addition to alleging national origin discrimination and retaliation, <u>Chaara II</u> also set forth claims for breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation.  <u>See id.</u> at 6.  The Defendants in <u>Chaara II</u> are the same as those listed in <u>Chaara I</u>.  <u>See id.</u>

The parties in both cases stipulated to a consolidation of both actions in state court.  <u>See id.</u> The New Mexico State District Court found that the two cases "involve common questions of both law and fact" and consolidated the actions, pursuant to rule 1-042(A) of the New Mexico Rules of Civil Procedure, "for any and all purposes."  <u>Id.</u>  The Stipulated Order of Consolidation explained that both cases would be captioned "Mabrouk Chaara, Plaintiff, vs. Intel Corporation, David Baglee, Brian Rashap, and Tammy Wash: No. D-1329-CV-04-00376 and No. D-1329-CV-05-00154."  <u>Id.</u>

On March 14, 2005, the Defendants removed the consolidated action to this District on the basis of diversity of citizenship.  <u>See id.</u>  Once again, the Defendants alleged that Chaara is a citizen of Colorado, and that none of the Defendants are citizens of that state.  <u>See id.</u>  Chaara filed a Response to Defendants' Notice of Removal and Motion for Remand on April 11, 2005 that objected to the removal of the consolidated cases.  <u>See id.</u>

The Provisional Discovery Plan sets June 1, 2005, as the deadline for Chaara to join additional parties and to amend his pleadings.  <u>See</u> Provisional Discovery Plan at 2, filed April 21, 2005 (Doc. 6).  The Court adopted the Provisional Discovery Plan as modified by the deadlines contained in the Initial Pretrial Report.  <u>See</u> Order Adopting Attorney's Provisional Discovery Plan at 1, filed April 28, 2005 (Doc. 8).  The Initial Pretrial Report does not, however, modify the deadline for the parties

to amend the pleadings; therefore, the deadline for Chaara to file an amended complaint and to join additional passed on June 1, 2005.  See generally Initial Pretrial Report, filed April 29, 2005 (Doc. 9).

On August 1, 2005, the Defendants filed a motion for summary judgment, asserting that there was no genuine issue of material fact on any of Chaara's claims.  On October 14, 2005, the Court held a hearing on the Defendants' motion for summary judgment.  Following argument by both parties, the Court took the matter under advisement, but indicated and stated on the record that it was inclined to grant the motion and enter summary judgment on each of Chaara's claims.  See Transcript of Hearing at 54:25-57:7 (taken October 14, 2006).[1]

On December 31, 2005, the Court granted in part and denied in part Chaara's motion to remand.  See id. at 1.  The Court remanded to state court the claims from Chaara I for gender discrimination, breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation, because 28 U.S.C. § 1447(d) barred review of Judge Black's order remanding those claims, and the consolidation of Chaara I and II did not destroy each suit's separate identity.  See id. at 19.  The Court did not remand Chaara II's claims, for national origin discrimination, retaliation, breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation, because diversity of citizenship existed when Chaara II was filed. See id.  Subsequently, the Court granted the Defendants' motion for summary judgment on all of Chaara's remaining claims.  See Memorandum Opinion and Order at (Doc. 57).

After the Court remanded Chaara I to state court, but before it entered its order on the

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Defendants' motion for summary judgment, Chaara filed this motion. Chaara requests leave, pursuant to rule 15 of the Federal Rules of Civil Procedure, to file an amended complaint and to add additional Defendants. See Motion to Amend at 1.

Specifically, Chaara seeks leave to add five individual defendants, including two Intel attorneys – Ogden Reid and Patrick Duffy – and three employees at Intel's Colorado facility – Lynn Hess, Morgan Burke, and Jeffrey Murray. See Proposed Amended Complaint (Caption), ¶¶ 21, 23, at 1, 4. Duffy resides in Arizona. See id. ¶ 9, at 2. Hess, Burke, and Murray reside in Colorado. See id. ¶ 7, at 2. Reid is a resident of New Mexico. See id. ¶ 8, at 2. Chaara requests leave to add the following claims against those individuals: retaliation and discrimination in violation of the New Mexico Human Rights Act ("NMHRA") and Title VII; breach of contract; and breach of the covenant of good faith and fair dealing. See id. ¶¶ 45-71, at 8-13. Chaara attaches his proposed amended complaint to his motion. Chaara sought the Defendants' approval on this motion, but the Defendants objected. See Motion to Amend at 7.

Chaara contends that, since the filing of his Complaint and his transfer from New Mexico to Colorado, the Defendants have continued to discriminate and retaliate against him, creating a hostile work environment. See id. at 1. Chaara argues that the Defendants' continued alleged acts of discrimination and retaliation, and the resulting hostile work environment, constitute violations of the NMHRA and of Title VII of the Civil Rights Act of 1964. See id.

On March 27, 2006, the Defendants filed a response in opposition to Chaara's motion to amend. See Doc. 53. Chaara had until April 13, 2006, to file a reply brief. See D.N.M. LR-Civ. 7.6(a)("A reply must be served within fourteen (14) calendar days after service of the response."); Fed. R. Civ. P. 6(e)(adding three days to the prescribed period of time for filing when motion is

served by mail).  Chaara did not, however, file a reply.  On April 18, 2006, the Defendants filed a

Notice of Completion of Briefing Regarding Plaintiff's Motion to File Amended Complaint and Add

Additional Defendants, giving notice that briefing regarding this motion is complete and ready for

decision by the Court.

Chaara has filed an EEOC charge in Colorado asserting the same allegations as those in his

proposed amended complaint.  See Colorado Charge of Discrimination at 1-3.  As of March 27,

2006, when the Defendants filed their response to this motion to amend, that administrative process

had not been completed.  See Response at 7 n.4, filed March 27, 2006 (Doc. 53).  The EEOC had

set a conference in Denver on April 25, 2006, pursuant to its mediation program.  See id.

## LAW ON AMENDED AND SUPPLEMENTAL PLEADINGS

Rule 15(a) provides:

> AMENDMENTS.  A party may amend the party's pleading once as a matter of course
> at any time before a responsive pleading is served or, if the pleading is one to which
> no responsive pleading is permitted and the action has not been placed upon the trial
> calendar, the party may so amend it at any time within 20 days after it is served.
> Otherwise a party may amend the party's pleading only by leave of court or by written
> consent of the adverse party; and leave shall be freely given when justice so requires.
> A party shall plead in response to an amended pleading within the time remaining for
> response to the original pleading or within 10 days after service of the amended
> pleading, whichever period may be the longer, unless the court otherwise orders.

Fed R. Civ. P. 15(a).

A district court is justified in refusing leave to amend "upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357,

1365-66 (10th Cir. 1993)(citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585

(10th Cir. 1993)).  "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny

-6-

leave to amend, especially when the party filing the motion has no adequate explanation for the delay."  See Frank v. U.S. West, Inc., 3 F.3d at 1365-66  (citations omitted).  In addition, if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  See id.

A court may reject amended pleadings setting forth claims that would clearly not prevail or improve the party's position.  The United States Court of Appeals for the Tenth Circuit has held: "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."  E.SPIRE Communications, Inc. v N.M. Pub. Reg. Com'n, 392 F.3d 1204, 1211 (10th Cir. 2004)(citations and internal quotations omitted).

Rule 16(b) provides that a court shall enter a scheduling order limiting, among other things, the time to amend pleadings.  "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b).  When a party files a motion to amend after the scheduling order's deadline for amending has passed, the court must undertake a two-step analysis: (i) "'[the] movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b)'"; and (ii) "'[i]f the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).'"  Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(quoting Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd on other grounds, 1997 U.S. App. LEXIS 30353 (4th Cir. November 5, 1997)); Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)(quoting Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. at 687).

As noted in <u>Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.</u>,

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

986 F. Supp. at 980.  <u>See</u> <u>Denmon v. Runyon</u>, 151 F.R.D. 404, 407 (D. Kan. 1993)(affirming the magistrate judge's order denying the plaintiff's motion to amend after the deadline established by the scheduling order had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"); Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.").

"Although the Federal Rules of Civil Procedure favor a liberal approach to amendments, amendments may not be used as a device to prevent speedy and efficient resolutions of cases." <u>Lockheed Martin Corp. v. Network Solutions</u>, 175 F.R.D. at 645 (citing <u>Schlacter-Jones v. Gen. Tel. of Cal.</u>, 936 F.2d 435, 443 (9th Cir. 1990), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Cramer v. Consol. Freightways, Inc.</u>, 255 F.3d 683 (9th Cir. 2001)).  <u>Accord</u> <u>Glatt v. Chicago Park Dist.</u>, 87 F.3d 190, 194 (7th Cir. 1996)(holding that a district court, when considering a motion to amend, "should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation

-8-

and complicate the defense"). Where a party proposes amendments while dispositive motions are pending, a court should not allow an amendment whose purpose is to prevent termination of the case on a motion to dismiss or on summary judgment. See Schlacter-Jones v. Gen. Tel. of California, 936 F.2d at 443 ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

Rule 15(d) provides for supplementation, as opposed to amendment, of pleadings: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The Tenth Circuit has advised that motions to supplement "are addressed to the sound discretion of the trial court." Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989)(per curiam)(citation omitted). "Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Id.

## RELEVANT TITLE VII LAW

### 1. Continuing Violation Theory.

In Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003), the Tenth Circuit stated:

> In [National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002)], the Supreme Court held that a continuing violation theory . . . is not permitted for claims against discrete acts . . . . [T]hus, a claimant must file a charge . . . within the appropriate limitations period as to each such discrete act . . . that occurred. Application of this rule to incidents occurring after the filing of an EEO complaint is consistent with the policy goals of the statute. First, requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation.

(citation and internal quotations omitted)(ellipses in original). The Supreme Court of New Mexico

recently relied on National Railroad Passenger Corp. v. Morgan to reject application of the "continuing violation" doctrine to NMHRA claims.  See Ulibarri v. State Corr. Acad., 131 P.3d 43 (2006)("Although we recognize that we are not bound by the Court's decision in Morgan when interpreting the New Mexico Human Rights Act, we find the opinion persuasive and adopt a similar approach to time limitations under the NMHRA.").

"[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII." Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996)(citation omitted).  Unlike Title VII, however, under which employees are not individually liable, the Supreme Court of New Mexico "has acknowledged the possibility of individual liability for discrimination claims."  Sonntag v. Shaw, 130 N.M. 238, 243, 22 P.3d 1188, 1193 (2001).  Accordingly, several judges in this district have recognized that an individual defendant can be liable under NMHRA: the Honorable John Edwards Conway, United States District Judge, see Ross v. Lee Enter., Inc., No. CIV 99-0139, at 3-4, filed May 28, 1999 (Doc. 39); the Honorable James A. Parker, United States District Judge, see Denham v. Mesa Mental Health, CIV No. 98-540, at 2, filed Aug. 7, 1998 (Doc. 17); the Honorable Bruce Black, United States District Judge, see Sieben v. City of Albuquerque, No. CIV 96-1822, at 3, filed Nov. 21, 1997)(Doc. 88); and the Honorable Judge Richard Puglisi, United States Magistrate Judge, see Sanchez v. Mora-San Miguel Elec. Coop., No. CIV 96-1430, filed Mar. 24, 1997 (Doc. 24).

## LAW REGARDING PERSONAL JURISDICTION

The plaintiff has the burden of proving personal jurisdiction over the individuals he seeks to add to a lawsuit.  See Overton v. United States, 925 F.2d 1282, 1283 (10th Cir. 1991).  The Tenth Circuit has summarized the proper personal jurisdiction analysis:

[A]n analysis of whether a court's exercise of specific personal jurisdiction comports

> with the Due Process Clause is a two-step inquiry.  First we consider whether the
> defendant's conduct and connection with the forum State are such that he should
> reasonably anticipate being haled into court there.  Second, if the defendant's actions
> create sufficient minimum contacts, we must then consider whether the exercise of
> personal jurisdiction over the defendant offends traditional  notions of fair play and
> substantial justice.

Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1276-77 (10th Cir. 2005)(quotation marks and

quoted authorities omitted).  The requirement that defendants "purposefully availed [themselves] of

the protection and benefits of the laws" of the forum state cannot be met by establishing that a

multinational corporation with facilities located in the forum state employs the non-resident

defendant.  See, e.g., Hill v. Pugh, 75 Fed. Appx. 715, 719 (10th Cir. 2003)("It is not reasonable to

suggest that federal prison officials may be hauled into court simply because they have regional and

national supervisory responsibilities over facilities within a forum state."); Mates v. North Am.

Vaccine, Inc., 53 F.Supp.2d 814, 821 (D. Md. 1999)(citing numerous cases holding that personal

jurisdiction over corporate officers must be based on their personal contacts with the forum, not with

acts they carried out solely in their corporate capacity).  As one district court has stated:

> From a policy perspective, it would offend traditional notions of fair play and
> substantial justice to force employees who have occasion to do business by telephone
> or mail with any number of given States, to require that they defend lawsuits in those
> States in their individual capacity based on acts performed not for their own benefit,
> but for the benefit of their employer.

Saktides v. Cooper, 742 F.Supp. 382, 387 (W.D. Tex. 1990).

## ANALYSIS

By requesting leave to amend his complaint to add new claims and parties, Chaara is

unnecessarily complicating a case that is ripe for dismissal.  Chaara does not acknowledge the

deadline to amend passed over eleven months ago.  Moreover, allowing Chaara to amend his

-11-

complaint after the Court has granted the Defendants' dispositive motion would unduly prejudice the Defendants.  For these and other reasons, the Court will not allow Chaara to file any amended or supplemental complaint.

**I.     THE DEADLINE FOR AMENDING PLEADINGS AND JOINING ADDITIONAL PARTIES PASSED ALMOST ONE YEAR AGO.**

Although fashioned as a motion to amend, by attempting to bring potential claims arising during the course of this litigation, Chaara is also seeking to supplement his complaint.  Chaara has not satisfied the requirements under rule 16(b), 15(a), or 15(d), nor has he made any legal argument attempting to establish that he has met the strictures of those rules.  The Court will therefore deny his motion for leave to file an amended complaint adding new parties.

**A.     CHAARA HAS NOT DEMONSTRATED "GOOD CAUSE," AS RULE 16(b) REQUIRES, FOR EXTENDING THE COURT'S DEADLINE FOR AMENDING HIS COMPLAINT AND FOR JOINING ADDITIONAL PARTIES.**

The Court set June 1, 2005, as the deadline for Chaara to amend pleadings and to join additional parties.  See Provisional Discovery Plan at 2.  In his motion, Chaara does not provide any reason for the Court to extend the deadline.  See generally Motion to Amend.  Indeed, Chaara does not address in any manner or acknowledge that the deadline exists for him to amend his pleadings and to join additional parties, or that it passed on June 1, 2005.  See generally id.

The Court should not permit Chaara, or any other party, to treat the Provisional Discovery Plan, which the Court adopted, as a "frivolous piece of paper idly entered, which can be cavalierly disregarded without peril."  O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004)(citation and internal quotations omitted).  Accord AMW Materials Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003)("[S]trict enforcement of the good cause requirement

-12-

of Rule 16 may seem like unnecessarily strong medicine, but if the courts do not take seriously their own scheduling orders who will?" (citation and internal quotations omitted)).  Nevertheless, the Court will address whether Chaara was diligent in attempting to meet the deadline for amending his complaint and joining additional parties.  Because Chaara does not put forth any legal argument in support of his request for leave to amend his complaint and to join additional parties, the Court and the Defendants must speculate some as to the legal bases for his motion.

Chaara may argue he has good cause to amend his complaint because he is alleging several acts of discrimination and retaliation that occurred after the passing of his deadline for amending his complaint and for joining parties.  Such an argument, however, would lack a basis in Chaara's proposed new facts.  On page 3 of his motion, Chaara states the basis for his motion to amend:

> From on or about February 2004, continuing to the present date, [Chaara] has been subjected to harassment and unequal terms and conditions of employment at Intel Corporation by, including but not limited to, Ogden Reed [sic], Patrick Duffy, Lynn Hess, Morgan Burke and Jeffrey Murray, all of whom knew about his EEOC charges and his pending law suits [sic] in New Mexico.

Motion to Amend at 3.  His motion then alleges specific acts that occurred before June 1, 2005, including  that Duffy retaliated against him in February 2004 and that he was discriminated against in May 2005.  See Motion to Amend at 4.  Chaara was apparently aware of these events before the deadline had passed for him to amend his complaint to join additional parties; thus, with regard to these allegations, he may not be able to show "good cause" for failing to timely amend his complaint. See Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992)(affirming district court's refusal to find "good cause" where party knew the wrong party was named but failed to amend complaint within scheduling order deadline).

Even those acts that Chaara alleges occurred after June 1, 2005, were known to him in

-13-

advance of his motion.  He alleges acts taking place in July 2005, August 2005, November 2005, and

December 2005 were retaliatory; however, he offers no reason for waiting more months before

bringing them to the Court's attention.  See Motion to Amend at 5-6.  Under these circumstances,

Chaara has not shown due diligence in pursuing this proposed litigation.  See O'Connell v. Hyatt

Hotels of Puerto Rico, 357 F.3d at 155 (holding that "a long and unexplained delay" will vindicate

a district court's conclusion that a plaintiff was not diligent in pursuing his or her claims); Leary v.

Daeschner, 349 F.3d 888, 908 (6th Cir. 2003)(affirming district court's refusal to find "good cause"

for delay where party was "obviously aware of basis of the claim for many months" before moving

to amend complaint).  The Court believes that it is be well within its discretion to not allow Chaara

from amending his complaint on the basis that he has not shown good cause to amend his complaint.

### B.   CHAARA ALSO DOES NOT MEET RULE 15(a)'s REQUIREMENTS FOR AMENDING HIS COMPLAINT.

While Chaara has failed to show "good cause" for the Court to extend his deadline for filing

amended pleadings and to join additional parties, he may argue that the June 1, 2005 deadline applied

only to amendments and not to supplemental pleadings.  While the rule 16(a) standards apply to his

request to join parties, the Court will also analyze the proposed amendment under rule 15(a) and (d).

At this late stage in the litigation, pursuant to rule 15(a), "a party may amend the party's pleading only

by leave of court or by written consent of the adverse party."

### 1.   The Court Should not Allow Chaara to Amend or to Supplement his Complaint to Avoid the Defendants' Motion for Summary Judgment.

Under the procedural circumstances of this case, allowing Chaara to pursue additional claims

and to join parties at this late stage of the litigation would unfairly prejudice the Defendants.  The

Defendants filed a summary judgment motion on August 1, 2005, and while it has remained pending,

the Court stated at the hearing on October 14, 2005, that it was inclined to grant the motion in its entirety.  <u>See</u> Transcript of Hearing at 54:25-57:7.  Chaara filed his motion to amend five months after the Court heard the motion for summary judgment.  Chaara made no attempt, in his motion, to explain the delay.  <u>See</u> <u>generally</u> Motion to Amend.

If the Court were to grant Chaara's motion to amend, it is likely that the Court would also have to reopen discovery and hear additional dispositive motions.  The Court has now entered its Memorandum Opinion and Order granting the Defendants' motion for summary judgment, and the case is now ripe for dismissal.  The Court should not allow Chaara to avoid that result by filing an untimely complaint.  Refusing to enter judgment for the Defendants would unfairly prejudice the Defendants at this late date.  Because amendment would be unfairly prejudicial to the Defendants under rule 15(a), and that prejudice also constitutes a good reason to deny Chaara leave to supplement his complaint under rule 15(d), the Court will deny his motion.

### 2. <u>The Court Need Not Address Whether Chaara's New Claims are Futile</u>.

The Defendants argue that, in addition to the other factors that counsel against allowing amendment, Chaara's amendments would be futile.  <u>See</u> Response at 6-11.  Specifically, the Defendants contend that, not only is Chaara's motion to amend untimely, but the proposed amendments would be futile and would result in undue prejudice to the Defendants.  <u>See</u> <u>id.</u>  The Defendants argue that the Court should deny Chaara's motion to amend because his proposed amendments cannot survive a motion to dismiss and, thus, would be futile.  <u>See</u> <u>id.</u>

The Court need not and will not decide whether any of Chaara's proposed amendments and claims against the new defendants would be futile or survive a motion to dismiss.  Chaara may want to take the Defendants' criticisms and file a new lawsuit correcting any deficiencies that may be

-15-

apparent.  The Court does not want to say too much about the merits of these claims if they may be decided in a separate suit.  The Court, however, can take note of some of the legal problems that the amended complaint would raise and discuss those in the context of whether, under rule 15(a), it would be in the interests of justice to add them to this case at this stage of the litigation.

       **a.**     **Exhaustion.**

      As for his proposed Title VII and NMHRA claims, the Defendants argue that Chaara has failed to exhaust administrative remedies as to his new discrimination and retaliation claims.  <u>See</u> Response at 7.  The Court has reviewed the April 21, 2003 Charge, and it does not make allegations similar to those he seeks to include in his proposed amended complaint.  In contrast to the allegations in the 2003 Charge, he is alleging, in the proposed amended complaint, that several Colorado managers began discriminating and retaliating against him in February 2004 by, among other acts, denying his request to work remotely, suspending him without pay pending the outcome of a criminal case against him, and refusing him access to his work email and Internet accounts.  <u>See</u> Affidavit of Mabrouk Chaara ¶¶ 1-2, at 1-3 (executed February 15, 2006)(hereinafter "Chaara Aff.").

      The Defendants argue, with considerable force, that Chaara cannot rely on a "continuing violation" theory to save his claims.  Response at7-8.  Given the Supreme Court's decision in <u>Morgan</u>, it appears that, before filing a civil lawsuit, Chaara must exhaust his administrative remedies with respect to each discrete discriminatory and retaliatory act set forth in his amended complaint. <u>See</u> <u>Martinez v. Potter</u>, 347 F.3d at 1211 And Chaara's concurrent claims under the NMHRA might also be dismissed because he did not exhaust his administrative remedies before filing civil suit on the allegations.  <u>See</u> <u>Ulibarri v. State Corr. Acad.</u>, 131 P.3d 43. Because Chaara has not shown that he has complied with this exhaustion requirement, it may require a court down the road to dismiss those

claims.  At this stage, however, the Court can properly take this failure to exhaust before filing the motion to amend into account in denying him leave to amend his complaint in this case.  While the Court does not know where Chaara's EEOC proceedings stand at this time, his proposed claims appear inherently flawed until those proceedings are exhausted.

The Court's refusal to allow Chaara to amend his complaint and to join additional parties will not preclude him from seeking redress on the claims in his new EEOC charge.  At this time, however, the appropriate forum for him to pursue his discrimination and retaliation claims is with the EEOC and, if appropriate, in a separate lawsuit.

### b.  Discrimination claims against individual defendants.

Moreover, the Court is concerned whether Chaara has a legal basis for joining additional parties for violations of Title VII and of the NMHRA.  Specifically, individual parties cannot be held liable for some  claims.  For example, individual defendants cannot be held liable under Title VII. Haynes v. Williams, 88 F.3d at 901.  Furthermore, the Court is concerned whether Chaara can pursue state discrimination and retaliation claims against those individual defendants under the NMHRA if he did not name those individuals in an HRD charge, given that the New Mexico Supreme Court has not yet given a definitive answer to this question.  See Sonntag v. Shaw, 130 N.M. at 243, 22 P.3d at 1193.

### c.  Personal jurisdiction.

With respect to the proposed New Mexico common-law claims, Chaara has not shown that the Court has personal jurisdiction over four of the individual parties he is seeking to join.  The Defendants contend that the claims which Chaara seeks to pursue against these individuals arise almost exclusively from conduct allegedly taking place in the State of Colorado.  See Response at 9.

Specifically, Chaara complains of how these three Colorado managers treated him while he was located in Colorado and performing work for a Colorado facility.  See generally Chaara Aff. Additionally, Chaara complains of his suspension from Intel, which was based on criminal charges filed against him in the Colorado state courts for domestic abuse alleged to have occurred in Colorado.  See id. ¶ 2(F).

Chaara has made no showing for why the Court should permit these claims arising out of actions taking place in Colorado to proceed in New Mexico.  As for the first step in a personal jurisdiction analysis – whether the Defendants have minimum contacts with the forum state – Chaara has not attempted to show the four non-resident individuals he seeks to join have purposefully availed themselves of the protection and benefits of the laws of New Mexico.  See Hill v. Pugh, 75 Fed. Appx. at 719.

As for the second step, without more information, the Court is concerned that its exercise of personal jurisdiction might offend traditional notions of fair play and substantial justice.  To hold that the Court has personal jurisdiction over the nonresident defendants could mean an Intel manager could be forced to personally defend a lawsuit in any of the thirteen states in which an Intel facility is located.  Such a result might not be logical and might be inherently unfair to corporate employees. While the Court is not prepared on the record before it to say that a New Mexico would not have jurisdiction over the four nonresident defendants, the Court is concerned that dropping them into this case at this late stage could unduly complicate the resolution of this matter.

In sum, while the Court is not prepared to say that each of Chaara's proposed amendments would be futile and would be subject to a motion to dismiss, the Court has enough concerns about them to counsel that the Court not drop them all into this case at this late stage.  It is unclear, from

the record before the Court, whether Chaara has exhausted his administrative remedies with regard

to his discrimination and retaliation claims.  Chaara cannot join individuals with regard to Title VII

claims.  He has also not shown that the Court has personal jurisdiction over four of the individuals

he is seeking to join.  These reasons inform the Court's decision to deny Chaara's motion to amend

his complaint and to join additional parties.

**IT IS ORDERED** that the Plaintiff's Motion to File Amended Complaint and Add Additional

Parties is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Laura J. Ramos
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Barbara Stephenson
Quentin Smith
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendants*