**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MABROUK CHAARA,

      Plaintiff,

vs.                                                    No. CIV-05-278 JB/RLP

INTEL CORPORATION, DAVID
BAGLEE, BRIAN RASHAP, and
TAMMY WASH,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiff Mabrouk Chaara's Motion and Memorandum in Support of Motion to Reconsider, filed June 14, 2006 (Doc. 62)("Motion to Reconsider"). The Court held a hearing on the motion on August 30, 2006. The primary issues are whether the Court should reconsider: (i) its remand order of certain claims that the Honorable Bruce D. Black, United States District Judge, had earlier remanded to state court, see Memorandum Opinion and Order, filed December 31, 2005 (Doc. 48)("Removal and Remand Opinion"); and (ii) its summary judgment in favor of the Defendants Intel Corporation, David Baglee, Brian Rashap, and Tammy Wash on Chaara's national origin discrimination, retaliation, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation claims. Because the Court finds that Chaara has not demonstrated that there has been an intervening change in controlling law, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice, the Court will deny Chaara's requests that this Court reconsider its decision regarding removal and remand, see Memorandum Opinion and Order, filed December 31, 2005 (Doc. 48)("Removal and

Remand Opinion"), its ruling with respect to summary judgment, see Memorandum Opinion and Order, filed May 31, 2006 (Doc. 57)("Summary Judgment Opinion"), and its final judgment.

## PROCEDURAL BACKGROUND

On April 21, 2003, Chaara filed a Charge of Discrimination against the Defendants with the New Mexico Human Rights Division ("NMHRD"), alleging discrimination based on national origin, religion, and gender, and retaliation. See Removal and Remand Opinion at 4. While finding probable cause on his national origin discrimination and retaliation claims, the NMHRD issued an Order of Non-Determination on Chaara's religion and gender claims. See id. On April 16, 2004, Chaara filed a Complaint against Intel in the Thirteenth Judicial District Court for New Mexico. See Chaara v. Intel Corp., No. D-1329-CV-04-00376 (13th N.M. Jud. Dist. 2004)("Chaara I"); Removal and Remand Opinion at 4. The Chaara I Complaint sought relief on Chaara's gender claim, at the same time as he pursued his national origin discrimination and retaliation claims with the NMHRD. See id. at 5. Chaara I also set forth claims for breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation. See id. In response, the Defendants removed Chaara I to the United States District Court for the District of New Mexico on the basis of diversity of citizenship between the parties. See id. The Defendants asserted that Chaara is a citizen of Colorado, Intel is a Delaware corporation with its principal place of business in California, and the other Defendants are citizens of New Mexico. See id.

Judge Black, who presided over Chaara I during its brief life in federal court, scheduled, sua sponte, an evidentiary hearing to determine the existence of complete diversity. See id. Following the hearing, held on June 23 and July 29, 2004, Judge Black remanded Chaara I back to New Mexico State District Court, based on his finding that Chaara was domiciled in New Mexico when he filed

the Chaara I Complaint.  See id.

Subsequently, the NMHRD determined that Chaara had failed to establish his national origin discrimination and retaliation claims, leading him to file a second complaint in state court on February 10, 2005.  See Chaara v. Intel Corp., No. D-1329-CV-05-00154 (13th N.M. Jud. Dist. 2005)("Chaara II").  In addition to alleging national origin discrimination and retaliation, Chaara II also set forth claims for breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation.  See id. at 6.  The Defendants in Chaara II are the same as those listed in Chaara I.  See id.

The parties in both cases stipulated to a consolidation of both actions in state court.  See id.  The New Mexico State District Court found that the two cases "involve common questions of both law and fact" and consolidated the actions, pursuant to rule 1-042(A) of the New Mexico Rules of Civil Procedure, "for any and all purposes."  Id.  The Stipulated Order of Consolidation explained that both cases would be captioned "Mabrouk Chaara, Plaintiff, vs. Intel Corporation, David Baglee, Brian Rashap, and Tammy Wash: No. D-1329-CV-04-00376 and No. D-1329-CV-05-00154."  Id.

On March 14, 2005, the Defendants removed the consolidated action to this Court on the basis of diversity of citizenship.  See id.  Once again, the Defendants alleged that Chaara is a citizen of Colorado, and that none of the Defendants are citizens of that state.  See id.

Chaara filed a Response to Defendants' Notice of Removal and Motion for Remand ("Motion to Remand") on April 11, 2005 that objected to the removal of the consolidated cases.  See id.  On December 31, 2005, the Court granted in part and denied in part Chaara's motion to remand.  See id. at 1.  The Court remanded to state court the claims from Chaara I for gender discrimination, breach of an employment contract, breach of the covenant of good faith and fair dealing, and

defamation, because 28 U.S.C. § 1447(d) barred review of Judge Black's order remanding those claims, and the consolidation of Chaara I and II did not destroy each suit's separate identity. See id. at 19. The Court did not remand Chaara II's claims for national origin discrimination, retaliation, breach of an employment contract, breach of the covenant of good faith and fair dealing, and defamation, because diversity of citizenship existed when Chaara II was filed. See id.

Before the Court ruled on Chaara's motion to remand, the Defendants filed a motion for summary judgment on all claims, contending that there is no genuine issue of material fact on those claims. See Motion for Summary Judgment at 1, filed August 1, 2005 (Doc. 24). Chaara filed a response detailing the genuine issues that he believed existed. See Response, filed August 18, 2005 (Doc. 30). The Court held a hearing on the motion on October 14, 2005. The Court found in favor of the Defendants, granting their summary judgment motion in part and denying it in part. The Court granted the motion with respect to all of the Chaara II claims and denied it with regard to the Chaara I claims, which were moot because the Court had already remanded those claims to the Thirteenth Judicial District of New Mexico. In the Court's order of May 31, 2006, it dismissed the Chaara II state-law claims for national origin discrimination, retaliation, breach of contract, breach of implied covenant of good faith and fair dealing, and defamation. See Summary Judgment Opinion at 30.

Chaara now moves the Court to reconsider its removal and remand determination, summary judgment ruling, and final order. See Motion to Reconsider at 7. The Defendants contend that no grounds exist for the Court to reconsider those decisions. See Defendants' Response to Motion to Reconsider at 1, filed June 30, 2006 (Doc. 66).

## LAW REGARDING RULE 59(e) MOTIONS TO RECONSIDER

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. See Computerized Thermal Imaging, Inc. v. Bloomfield, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). If the court has entered a final order or judgment, then a motion for reconsideration is considered a motion to alter or amend the judgment under rule 59(e) if it is filed within ten days of the entry of judgment. See id. at 1296. If the motion for reconsideration is filed more than ten days after the entry of final judgment, it is considered a motion for relief from judgment under rule 60(b). See id. Rule 59(a) provides that "[a] new trial may be granted . . . for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed. R. Civ. P. 59(a). Rule 59(e) motions may be granted if there has been an intervening change in controlling law, new evidence is available, or there is a need to correct clear error or prevent manifest injustice, and only if they are filed no later than ten days after entry of the judgment. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); In re Sun Healthcare Group, Inc., 214 F.R.D. 671, 673-74 (D.N.M. 2003)(Vasquez, J.); Fed. R. Civ. P. 59(e). District courts have broad discretion in making rule 59(e) determinations. See Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992).

## LAW REGARDING REMOVAL

Under 28 U.S.C. § 1332(a), a federal district court possesses subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000); 28 U.S.C. § 1332(a). Diversity between the parties must be complete. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). If a civil action filed in state court

satisfies the requirements for diversity jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Huffman v. Saul Holdings Ltd. Pshp., 194 F.3d 1072, 1076 (10th Cir. 1999)("'When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. . . .'")(quoting Caterpillar Inc. v. Lewis, 519 U.S. at 68). The plaintiff may thereafter attack removal by filing a motion in federal district court, pursuant to 28 U.S.C. § 1447(c), to remand the case back to state court.[1] See Caterpillar Inc. v. Lewis, 519 U.S. at 69; Kennedy v. Lubar, 273 F.3d 1293, 1297 (10th Cir. 2001)("Section 1447(c) specifically allows district courts to order remand if there has been a defect in removal procedure, or if it determines, at any time prior to final judgment, that it lacks subject matter jurisdiction.")(internal quotations omitted); 28 U.S.C. § 1447(c).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "[A]ll doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296

---

[1] 28 U.S.C. § 1447(c) mandates that "[a] motion to remand the case [from federal court to state court] on the basis of any defect other than lack of subject[-]matter jurisdiction must be made within 30 days after the filing of the notice of removal." Caterpillar Inc. v. Lewis, 519 U.S. at 69 ("This 30-day limit [in section 1447(c)] does not apply, however, to jurisdictional defects.").

F.3d 952, 955 (10th Cir. 2002).

## **LAW REGARDING MOTIONS FOR SUMMARY JUDGMENT**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). The Court may only consider admissible evidence when ruling on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair, Co., 756 F.2d 1467, 1474 (10th Cir. 1985)(citing Fed. R. Civ. P. 56(e)).

If a defendant seeks summary judgment, it has an "initial burden to show that there is an absence of evidence to support the nonmoving party's case." Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)(quoting Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995))(internal quotations omitted). Upon meeting that burden, the plaintiff must "identify specific facts that show the existence of a genuine issue of material fact." Id. (citations and internal quotations omitted). "The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Id. (citations and internal quotations

omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient; there must be evidence on which the fact finder could reasonably find for the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324 (internal quotations omitted).

## ANALYSIS

In his written motion, Chaara argues that the Chaara II claims should not have been removed from state court, because Chaara was a resident of New Mexico at the time of his filing with the NMHRD, and that the Court applied an inappropriate summary judgment standard that led it to take a one-sided view of the evidence. See Motion to Reconsider at 1, 7. The Court remains, however, unconvinced that any amendment or alteration of its removal and remand, or summary judgment, determinations is warranted.

### I.  CHAARA DOES NOT PRESENT A SUFFICIENT REASON WHY THE COURT SHOULD CHANGE ITS REMOVAL AND REMAND DECISION.

In its Removal and Remand Opinion, the Court determined that diversity between the parties existed, because, at the time he filed suit, Chaara was a domiciliary of Colorado, Intel was a citizen of Delaware with its primary place of business in California, and Baglee, Rashap, and Wash were citizens of New Mexico. See Removal and Remand Opinion at 4, 28. The Court based its finding that Chaara was domiciled in Colorado on Chaara having lived in Colorado for almost a year before filing Chaara II, Chaara purchasing a house in Colorado, Chaara moving his entire immediate family

to Colorado,[1] Chaara keeping most of his possessions in Colorado, Chaara having his primary care physician in Colorado, and Chaara paying Colorado property taxes. See id. at 26-28. The Court believed such evidenced Chaara's intent to remain in Colorado indefinitely before filing Chaara II. See id. at 28. As such, the Court determined that it could exercise jurisdiction over Chaara II. See id. at 28-29.

Chaara does not present sufficient reason for the Court to change its ruling on removal and remand. While Chaara contends that the matter should not have been removed because he was a citizen of New Mexico when he filed with the NMHRD, he does not provide any support for the contention that his filing with a state administrative body, rather than with state court, or federal court via removal, should determine whether diversity was satisfied here. See Motion to Reconsider at 7; Transcript of Hearing at 3:7-6:6 (August 30, 2006)("Transcript").[2] Nor does Chaara demonstrate that there has been an intervening change in controlling law such that the Court should reverse its diversity finding. Chaara also does not present any new evidence to counter the Court's determination that he was domiciled in Colorado when he filed Chaara II. Further, Chaara does not demonstrate that the Court's diversity finding and resulting decision on removal and remand rest on clear error in need of correction, or that manifest injustice will result if the Court does not reform its opinion.

Additionally, the Court notes that, while the United States Court of Appeals for the Tenth Circuit has not yet ruled on whether 28 U.S.C. § 1447 forecloses a district court's reconsideration

---

[1] Chaara moved his entire immediate family to Colorado with the exception of his college-age daughter who was attending the University of New Mexico.

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

of its own remand order, other courts have ruled that it does. The United States Court of Appeals for the Eleventh Circuit has concluded that § 1447(d)'s provision of "nonreviewability extends to the power of a district court to reconsider its own remand order." First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997)(citations omitted). The United States Court of Appeals for the Fourth Circuit remarked that "[i]ndisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court." In re Lowe, 102 F.3d 731, 734 (4th Cir. 1996)(citations omitted). See also Three J Farms v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979) ("Unquestionably, [§ 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court."). Similarly, the United States Court of Appeals for the First Circuit has ruled that

> there is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase "on appeal or otherwise." The district court has one shot, right or wrong.

In re La Providencia Dev. Corp., 406 F.2d 251, 252-53 (1st Cir. 1969). The First Circuit also explained the rationale behind this strict rule of nonreviewability:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

Id. at 252. Finally, two Districts in the Tenth Circuit – the Districts of Kansas and Colorado – have also found that they cannot review their own remand orders. See Maggio Enters. v. Hartford Cas. Ins. Co., 132 F. Supp. 2d 930, 931 (D. Colo. 2001)("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.")(citations omitted); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 67 F. Supp. 2d 1242, 1245 (D.

-10-

Kan. 1999)("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review.")(citations omitted).

Because the Court does not believe that Chaara has satisfied the standard required for granting a rule 59(e) motion to reconsider with respect to the Court's removal and remand decision, and because it appears that the Court is foreclosed from reconsidering its remand determination, the Court will not reconsider its ruling removing Chaara II and remanding Chaara I.

## II. CHAARA DOES NOT PRESENT A SUFFICIENT REASON WHY THE COURT SHOULD CHANGE ITS SUMMARY JUDGMENT RULING.

The Court does not believe alteration or amendment of its summary judgment ruling with respect to Chaara's claims for discrimination, retaliation, breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation is warranted. With respect to the Court's holdings on his claims, Chaara fails to show that there has been an intervening change in controlling law, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice. The Court notes that, when reviewing a motion for summary judgment, it must view the evidence and draw inferences in a light most favorable to the opposing party, see William v. Rice, 983 F.2d 177, 179 (10th Cir. 1993), but also that the opposing party must identify sufficient evidence in specific, factual form for a jury to return a verdict in its favor – essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is too one-sided that one party must prevail as a matter of law," Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

With regard to Chaara's national-origin discrimination claim, at the summary judgment stage, he failed to present sufficient evidence to demonstrate that the Defendants' proffered reasons for the

employment decisions that they made were pretextual.  See Summary Judgment Opinion at 19-21. Chaara has not provided the Court any new evidence, nor has Chaara demonstrated that there is a need for the Court to correct clear error or prevent manifest injustice.  At the August 30th hearing, Chaara cited to Cortez v. Wal-Mart, 460 F.3d 1268, 1273-75 (10th Cir. 2005), for the propositions that a plaintiff in a discrimination case need not present direct evidence to make a prima facie case, and that employment decisions based upon objective and subjective criteria are distinguishable. Nevertheless, Cortez does not abrogate a plaintiff's requirement, articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to present "sufficient evidence to find that the employer's asserted justification is false." McDonnell Douglas Corp. v. Green. 411 U.S. at 803-04.  See Cortez v. Wal-Mart, 460 F.3d at 173-74.  As such, the Court does not believe that it should alter or amend its ruling regarding Chaara's national-origin discrimination claim.

Chaara failed to put forth a prima facie case of retaliation during the summary judgment phase; he did not present evidence sufficient to demonstrate the existence of a causal connection between his filing of charges with the Equal Employment Opportunity Commission and the adverse employment actions allegedly taken against him. See Summary Judgment Opinion at 22-25.  Chaara, with his motion for reconsideration, does not show that controlling law has changed in a manner, or that evidence is now available, that will allow him to establish a prima facie case of retaliation.  Nor does Chaara demonstrate that there is a need to correct clear error or prevent manifest injustice.  That considered, the Court finds that there is no need for it to alter or amend its summary judgment holding on retaliation.

With respect to Chaara's breach of contract and breach of the implied covenant of good faith and fair dealing claims, at summary judgment, Chaara failed to identify the employment contract that

was breached and, thus, necessarily failed to establish a basis for his breach of implied covenant of good faith and fair dealing claim. In New Mexico, employment is for an indefinite period and is terminable at the will of either party unless consideration supports it, there is an express contractual provision stating otherwise, or an implied employment contract has been formed. See Hartbarger v. Frank Paxton Co., 115 N.M. 665, 668, 857 P.2d 776, 779 (1993). Chaara failed to show that any of those exceptions to "at-will" employment applied to him. See Summary Judgment Opinion at 25-27. Moreover, because New Mexico does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing in at-will employment contracts, Chaara's failure to identify a valid employment contract foreclosed his claim for breach of the implied covenant of good faith and fair dealing. See id. at 28. Despite his motion to reconsider, Chaara does not demonstrate, with regard to his breach of contract and breach of the implied covenant of good faith and fair dealing claims, that there has been an intervening change in controlling law, that new evidence is available, or that there is a need to correct clear error or prevent manifest injustice. The Court, therefore, does not believe that alteration or amendment of its relevant ruling is appropriate.

Finally, at the summary judgment stage, Chaara failed to show that the statement added to his Performance Review concerning his communication skills was defamatory. He did not demonstrate with specific evidence that the statement in question was fact or that, as opinion, it was based on the allegation of undisclosed facts. See id. at 28-30. Because Chaara does not present the Court with an intervening change in the law, new evidence, or the need to correct clear error or manifest injustice, the Court finds that there is no reason for it to alter or amend its summary judgment decision on Chaara's defamation claim.

Because the Court finds that Chaara has not demonstrated that alteration or amendment of

its removal and remand decision or summary judgment decision is warranted, and because the Court appears to be foreclosed from considering its remand determination, the Court will deny Chaara's motion.

**IT IS HEREBY ORDERED** that Plaintiff Mabrouk Chaara's Motion and Memorandum in Support of Motion to Reconsider is denied.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE

*Counsel:*

Laura J. Ramos
David G. Crum & Associates, P.C.
Albuquerque, New Mexico

       *Attorney for the Plaintiff*

Barbara G. Stephenson
Quentin Smith
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

       *Attorneys for the Defendants*